132-08/WDM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendants A.P. Moller-Maersk A/S
d/b/a Maersk-Sealand and/or Maersk Line
80 Pine Street
New York, New York 10005
(212) 425-1900
Wayne D. Meehan (WM 9102)
William J. Pallas (WP 6201)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
TARGET CORPORATION,

      Plaintiff,

  - against -

M/V HANSA BERGEN, her engines, boilers,
appurtenances, etc., and A.P. MOLLER-
MAERSK A/S d/b/a MAERSK-SEALAND
and/or MAERSK LINE,
      Defendant
-----------------------------------------------------------

08 CV 01579 (PKL)

**ANSWER TO AMENDED COMPLAINT**

    Defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK SEALAND (hereinafter "MAERSK" or "Answering Defendant"), by its attorneys, Freehill, Hogan & Mahar, responding to the Amended Complaint of the Plaintiff herein, alleges upon information and belief as follows:

1.  Admits that to the extent Plaintiff has alleged damages arising out of a contract of carriage of goods by sea, that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime

jurisdiction of this Court, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "FIRST" of the Amended Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "SECOND" of the Amended Complaint.

3.  Admits that Defendant A.P. MOLLER-MAERSK A/S is a foreign corporation existing under and by virtue of the laws of a foreign country, and was a charterer of the M/V HANSA BERGEN, and was at all relevant times engaged in business as a common carrier of merchandise by water for hire, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "THIRD" of the Amended Complaint.

4.  Admits that the MAERSK bill of lading contains a forum selection clause providing for jurisdiction of certain cases in the United States District Court for the Southern District of New York, but except as so specifically admitted, Defendant objects to the remaining allegations set forth in Paragraph "FOURTH" of the Amended Complaint as they call for conclusions of law.

5.  Admit that the M/V HANSA BERGEN at all relevant times was employed in the common carriage of merchandise by water for hire, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "FIFTH" of the Amended Complaint.

6. Admits that Defendant MAERSK agreed to transport certain containerized shipments, said to contain cartons of apparel, from Guatemala City, Guatemala to Los Angeles, for an agreed upon freight, and pursuant to the terms and conditions of certain bills of lading/contracts of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "SIXTH" of the Amended Complaint.

7. Admits that the subject vessel arrived at the port of discharge and that the subject shipments were delivered in accordance with the terms and conditions of the applicable bills of lading/contracts of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "SEVENTH" of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "EIGTH" of the Amended Complaint.

9. Admits that plaintiff has made a claim for damages, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "NINTH" of the Amended Complaint.

## AS AND FOR DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10. The Amended Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

11.     The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

THIRD AFFIRMATIVE DEFENSE

12.     The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which the Answering Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

FOURTH AFFIRMATIVE DEFENSE

13.     Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendants, and/or from

inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not the Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

14. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by these Answering Defendants, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of the Answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

15. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

### SEVENTH AFFIRMATIVE DEFENSE

16. The Plaintiff is not the real party in interest to this suit.

### EIGHTH AFFIRMATIVE DEFENSE

17. Plaintiff failed to give timely notice of this claim. The claim is time barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

18. Any liability of the Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

## TENTH AFFIRMATIVE DEFENSE

19. The Court lacks *in personam* jurisdiction over the Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

20. MAERSK LINE and MAERSK SEALAND are not corporate or business entities, but are a former and current trade name, respectively, for A.P. Moller-Maersk A/S and as such cannot be held responsible for any claims for loss or damage relating to the subject shipments.

## TWELFTH AFFIRMATIVE DEFENSE

21. This litigation must be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

## THIRTEENTH AFFIRMATIVE DEFENSE

22. The loss alleged in Plaintiff's complaint was the result of an armed hijacking, liability for which is expressly excluded under the terms and conditions of the applicable bill of lading/contract of carriage.

WHEREFORE, Defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK SEALAND, prays that a decree be entered dismissing the Amended Complaint herein and that they be awarded all costs, expenses and attorney's fees incurred in connection with the defense of this action, and that this Court grant said Defendant such other and different relief as this Court may deem just and proper.

Dated:   New York, New York
         July 2, 2008

                                        FREEHILL, HOGAN & MAHAR LLP
                                        Attorneys for Defendant
                                        A.P. MOLLER-MAERSK A/S

                                   By: _____
                                        Wayne D. Meehan (WM 9102
                                        William J. Pallas (WP 6201)
                                        80 Pine Street, 24th Floor
                                        New York, NY 10005-1759
                                        (212) 425-1900

TO:   McDermott & Radzik, LLP
      88 Pine Street
      New York, NY 10005-1801
      Attn:   Edward C. Radzik, Esq.
              Lori J. Quinn, Esq.

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

     I, GLORIA J. REGIS-HOSEIN, being sworn, say; I am not a party to the action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005. On July 2, 2008, I served the within **ANSWER TO AMENDED COMPLAINT** on:

> McDermott & Radzik, LLP
> 88 Pine Street
> New York, New York 10005-1801

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service within New York State.

                                           Gloria J. Regis-Hosein

Sworn to before me on this
2nd day of July, 2008.

NOTARY PUBLIC

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/307906.1